# PORTO RICO
# FEDERAL REPORTS.

## JOSEFA ZUZUARREGUI
*v.*
## M. MARTINEZ & COMPANY.

San Juan, Law, No. 148.

1. Damages implied by law from wrongful acts need not be specially averred.
2. Damages may be recovered in Federal courts for injury to the feelings, in addition to actual and compensatory damages.
3. Affidavits in support of motion for a new trial, when not sufficient.

Order filed January 26, 1905.

*Mr. Salvador Mestre,* attorney for plaintiff.

*Messrs. Horton & Cornwell,* attorneys for defendants.

McKENNA, Judge, delivered the following opinion:

And now, to wit, this 26th day of January, 1905, after very careful and patient hearing of the oral arguments of counsel on the motion for a new trial in this case, and an argument on the law and facts involved, lasting nearly an entire day, and on careful examination of briefs filed and notes of testimony, we

II. PORTO RICO.—1.

are compelled to affirm the findings of fact and conclusions of
law heretofore made in this case.

Nothing was advanced at the argument to justify the flagrant
violation of law by defendant in unlawfully invading, with a
display of force, the premises of plaintiff, and, without her con-
sent, carrying off contents of store. The arbitrary determina-
tion of defendants to disregard the law of the land, as shown by
the evidence at trial, as well as their reckless disregard of
rights of plaintiff, also clearly proven, was ignored on the argu-
ment, although, as stated in findings, constituting the principal
ground of recovery.

The most persistent point on the argument for a new trial
urged by the defendants was the alleged error of the court in
allowing special damages not averred in the declaration, and
also in allowing damages for indignity and mental sufferings
and humiliation of plaintiff, the result of the wrongdoing of de-
fendants, in addition to actual damages as proven.

No demurrer having been filed to the declaration in this
case, the trial proceeded on general issue. The question of
sufficiency of declaration was ruled upon by the court at close
of testimony, on the motion of defendants to quash for want
of jurisdiction, as well as on motion of defendants for peremp-
tory instructions. We discover no reason to change the rulings
then made, and followed in the findings and conclusions.

The authorities are uniform that damages implied by law
from wrongful acts need not be specially averred in the declara-
tion, and are therefore recoverable without special averments.
The law is also well settled, by decisions in the Federal courts,
that damages may be allowed against wrongdoers for sense of in-
sult, shame, indignity, and humiliation suffered, in addition to
actual or compensatory damages. It is also equally well set-
tled that damages may be allowed in such cases for fright,

shock, or mental suffering as the natural and proximate result of torts or wrongful acts in addition to actual damages proven, and are a proper subject for allowance as compensatory damages.

The *ex parte* affidavits submitted for new trial are wholly insufficient and are unworthy of serious consideration. The mere averment that they could not be obtained by due diligence before or at the trial is in itself not sufficient to make same admissible, all of said witnesses being present in the district when the case was tried, and no reason being given why, with due diligence, they could not have been secured. *Ex parte* affidavits are not in themselves proper grounds for allowance of new trial. If the rule that they were sufficient obtained, scarcely any verdicts would stand; for nothing is easier after trial than to secure contradictory *ex parte* affidavits. Had the matter contained in these *ex parte* affidavits been admissible on consideration for new trial, proper rules and practice would require that an examiner to take the newly discovered testimony be appointed, and due notice of time and place of taking such testimony should be given the opposite party, and the opportunity to cross-examine witnesses, all of which was omitted in the batch of *ex parte* affidavits submitted with motion for new trial.

On the argument for a new trial it appeared, and was admitted by counsel for plaintiff, that error was made in awarding $400 as the value of the stock illegally taken by defendants and their agents, and that the true amount should be but $300, as averred in the declaration, and that of this amount of $300 there was upwards of $100 left in the store and not removed by defendants, but which was alleged at argument for new trial to have been subsequently stolen. The defendants cannot be held liable for the goods stolen. This amount is there-

fore a credit rebate of $290 on the original finding of $400 for value of the goods removed.

At the argument it also appeared, and was admitted by plaintiff, that the allowance of $400 for loss of profits was an error, and was also in excess of the actual profits, and that a fair allowance for loss of profits would not exceed $200. Consequently a credit of $200 for the error in damages sustained by loss of profits of business should be credited on that finding of $400 for loss of profits in the original verdict in this case.

It is therefore accordingly ordered that if plaintiff or her attorney shall, within five days from service of written notice by the clerk of this court, sign stipulation accompanying this order, agreeing to a reduction of findings and verdict heretofore entered in this case to the sum of $1,400, the motion for a new trial will be refused, and, in event of said plaintiff or counsel refusing to sign said stipulation, consenting to accept reduction of said findings and verdict to $1,400, within the five days after service of notice, it is ordered that the motion for a new trial be granted.